RUSSELL L. MORENO
v.
KENNETH MONTGOMERY.
No. 08-94.
Court of Appeals of Louisiana, Third Circuit.
April 30, 2008.
Not Designated for Publication
KENNETH MONTGOMERY, Defendant/Appellant: In Proper Person
RUSSELL L. MORENO Plaintiff/Appellee: In Proper Person
Court composed of THIBODEAUX, Chief Judge, PETERS, and GENOVESE, Judges.
GENOVESE, Judge.

Summary Disposition
Defendant, Kenneth Montgomery (Montgomery), appeals the trial court judgment ordering his eviction from an apartment owned by Plaintiff, Russell L. Moreno (Moreno), due to nonpayment of the rent. Both parties are pro se.
A review of the record indicates that Moreno rented an apartment to Montgomery in Lake Charles, Louisiana, in September of 2007. When rent was not timely paid, Moreno sued Montgomery in the Lake Charles City Court. Legal notice was effectuated and, on October 30, 2007, a default judgment was rendered in favor of Moreno ordering Montgomery's eviction. Montgomery, pro se, then filed a Motion For New Trial, Injunction, Nullity of Judgment, and Exception of Insufficiency of Service of Process, which was denied. Montgomery suspensively appeals.
In his appeal, Montgomery seeks "latitude" because he is a "pro se litigant in this matter" and also claims an "ILLEGAL EVICTION" without "just cause or any legal authority." Montgomery claims that he has "proof (pictures, video recordings, lease, and rent receipts) to substantiate these claims." However, Montgomery failed to brief his contended issue of illegal eviction. Basically, Montgomery seeks to vacate the default judgment rendered against him and try his case again. After a full and complete review of the record and law in this case, we find no error in the trial court judgment. Further, we find that no jurisprudential purpose would be served by the issuance of a written opinion and order that summary disposition be entered based on the following dispositive circumstances set forth in Uniform RulesCourts of Appeal, Rule 2-16.2.(A):
. . . .
(2) the disposition is clearly controlled by case law precedent, statute, or rules of court;
. . . .
(4) the issues involve no more than an application of well-settled rules to recurring fact situations;
(5) the opinion or findings of fact and conclusions of law of the trial court or agency adequately explain the decision;
(6) no error of law appears on the record;
(7) the trial court or agency did not abuse its discretion; [and]
(8) the record does not demonstrate that the decision of the trier of fact is clearly wrong (manifestly erroneous);
. . . .
AFFIRMED in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2.(A).